UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| R. AARON SEEHAWER, as Trustee of the B.A. FISCHER SALES, INC. TRUSTEED CROSS-PURCHASE AGREEMENT; and R. AARON SEEHAWER as Trustee of the TBM, INC. TRUSTEED CROSS-PURCHASE AGREEMENT,<br><br>    Plaintiffs,<br><br>    v.<br><br>KATHY KEHOE, as Trustee of the SICKNESS, ACCIDENT & DISABILITY INDEMNITY TRUST 2005; and KATHY KEHOE, as Trustee of the GRIST MILL TRUST WELFARE BENEFIT PLAN,<br><br>    Defendants. | Case No. 1:16-cv-00082-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Pending before the Court are Seehawer's Motion to Dissolve Preliminary Injunction Order (Dkt. 65) and Kehoe's Motion to Reconsider Preliminary Injunction Order (Dkt. 45). For the reasons set forth below, the Court will grant the Motion to Dissolve and deny as moot the Motion for Reconsideration.

# BACKGROUND

Seehawer filed his Complaint in this case on February 24, 2016 (Dkt. 1), asserting claims for declaratory judgment, breach of contract, and breach of fiduciary duty. The dispute arises from Grist Mill's failure to pay proceeds of certain life insurance policies held in trust for the benefit of Seehawer. Those insurance proceeds are also the subject of an Interpleader action pending in the United States District Court for the Southern District of New York ("S.D.N.Y."), styled *Penn Mutual Life Insurance Company v. Kathy Kehoe, as Trustee of the Sickness, Accident & Disability Indemnity Trust 2005; Kathy Kehoe, as Trustee of the Grist Mill Trust Dated 10-1-03; and Universitas Education LLC*, Case No. 15-CV-01111, consolidated with *Life Insurance Company of the Southwest v. Kathy Kehoe, as Trustee of the Grist Mill Trust Dated October 1, 2003; and Universitas Education LLC*, Case No. 15-CV-04594-AJN (the "Interpleader").

The parties agreed to stay this case pending the S.D.N.Y.'s ruling as to the ownership of the insurance proceeds. *See* Dkts. 36, 37. During the pendency of the stay, however, Grist Mill and Universitas Education, LLC entered into a settlement agreement in the Interpleader action under which the funds, to which Seehawer claims an interest as trustee, would be pledged as collateral to secure Grist Mill's own obligations to Universitas. *See Second Mot. for Prelim. Inj.* at 2–3, Dkt. 38-1. The insurance proceeds would then be disbursed to Seehawer in installments as Grist Mill made payments to Universitas. *Id.*

Seehawer objected to the terms of the settlement agreement but was not then a party to the interpleader action. To preserve its interests, Seehawer filed a Motion for Preliminary Injunction in this case, seeking to enjoin Grist Mill from offering the insurance proceeds as collateral or further effecting the settlement in the Interpleader action. *Id.* On June 29, 2016, this Court granted Seehawer's Motion for Preliminary Injunction. *See Preliminary Injunction Order*, Dkt. 42. Grist Mill filed a Motion to Reconsider the Preliminary Injunction Order which remains pending. Dkt. 45.

Seehawer thereafter sought and was granted leave to intervene in the Interpleader action. On August 17, 2016, Universitas filed a motion in the Interpleader action to enforce the settlement agreement with Grist Mill. Seehawer opposed the motion on the grounds that it has a superior right to the insurance proceeds and that Kehoe, as trustee of Grist Mill, lacked the authority pledge the funds as collateral under the settlement agreement.

On March 21, 2017, Judge Nathan of the Southern District of New York ruled that the Settlement Agreement between Universitas and Grist Mill is enforceable. *See SDNY Memorandum and Order*, Dkt. 60-1. In light of that order, Seehawer has made the strategic choice to obtain what monies it can pursuant to the terms of the Settlement Agreement. Grist Mill argues that this Court's Preliminary Injunction Order inhibits the release of any funds to Seehawer under the Settlement Agreement. Accordingly, on April 4, 2017, Seehawer filed a Motion to Dissolve the Preliminary Injunction Order. Dkt. 65. Grist Mill does not oppose the motion. Dkt. 66.

## LEGAL STANDARD

"[A] district judge always has power to modify or to overturn an interlocutory order or decision while it remains interlocutory." *Credit Suisse First Bos. Corp. v. Grunwald*, 400 F.3d 1119, 1123 (9th Cir. 2005) (quotation marks omitted). Thus, absent an appeal, a district Court has "wide discretion" to dissolve or modify a preliminary injunction. *Sys. Fed'n No. 91 v. Wright*, 364 U.S. 642, 647–48 (1961). "[S]ound judicial discretion may call for modification of the terms of an injunction decree if the circumstances, whether of law or fact, obtained at the time of its issuance have changed, or new ones have arisen." *Mariscal–Sandoval v. Ashcroft*, 370 F.3d 851, 859 (9th Cir. 2004) (*quoting Wright*, 364 U.S. at 647–48). "A party seeking modification or dissolution of an injunction bears the burden of establishing that a significant change in facts or law warrants revision or dissolution of the injunction." *Sharp v. Weston*, 233 F.3d 1166, 1170 (9th Cir. 2000).

## ANALYSIS

In this case, Seehawer contends that there has been a significant change in circumstances due to Judge Nathan's recent ruling that the Settlement Agreement between Universitas and Grist Mill is enforceable. This Court issued its Preliminary Injunction out of concern that a settlement would subordinate Seehawer's interest in the insurance proceeds, violate Grist Mill's fiduciary duties, and irreparably harm Seehawer's interest in the funds. Under the present circumstances, however, Seehawer asserts that its interests will be better protected by obtaining what monies it can under the

terms of the Settlement Agreement. The Preliminary Injunction has prevented Seehawer from obtaining such funds. Under the circumstances, and in the absence of any objection from Defendants, the Court therefore finds good cause to exercise its discretion and dissolve the preliminary injunction.

## ORDER

IT IS ORDERED:

1. Seehawer's Motion to Dissolve the Preliminary Injunction (Dkt. 65) is **GRANTED** and the Court's June 29, 2016 Preliminary Injunction Order (Dkt. 42) is **DISSOLVED**.

2. Defendant Kehoe's Motion to Reconsider Preliminary Injunction Order (Dkt. 45) is **DENIED AS MOOT**.

DATED: May 3, 2017

B. Lynn Winmill
Chief Judge
United States District Court